CHARLES SCHEUBER & CO. v. W. T. SIMMONS.

No. 749.

1. **Garnishment — Prior Agreement that Garnishee may Pay Other Creditors.**—M., having funds in the hands of S., agreed with G., a creditor, that S. might pay G.'s debt out of the funds, and apply the balance ratably to the debts due certain other creditors. S. was not a party to the agreement, and as it seems had not made the actual payment and application of the funds as therein designated prior to service on him of a writ of garnishment by plaintiffs, who were also creditors of M. *Held:*

1. In order for the agreement to operate as an assignment to G. of so much of the funds as would pay his debt, it was not necessary for S. to be present thereat or privy thereto.

2. But if the agreement was in the nature purely of a negotiation not intended as a final contract by the parties, it could not operate as such assignment; and this question of intent should have been submitted to the jury.

3. As G. did not represent the other creditors referred to in the agreement, they were not parties to it, and its effect could not extend to them so as to place the remaining funds beyond his control.

2. **Same — Burden of Proof not on Garnishee.** — In a garnishment proceeding the creditor is the actor, and the burden of proof is on him. It is not incumbent on the garnishee to establish the truth of his answer.

APPEAL from the County Court of Wise. Tried below before Hon. J. T. JOHNSON.

*Soward & Martin* and *W. H. Bullock*, for appellants.—1. There was no valid contract entered into between Harry May and Simmons for the disposition of the $250 in question prior to the service of plaintiff's writ, nor was there any contract entered into between Harry May and any one else prior to the service of the writ herein that could bind this fund in the hands of W. T. Simmons. 1 W. & W. C. C., secs. 297, 879; Drake on Attach., sec. 519.

2. A mere agreement on the part of May, that the funds in the hands of W. T. Simmons belonging to said May might be paid to the First National Bank and others, even if made prior to the service of the writ of garnishment upon W. T. Simmons, would not of itself defeat the right of plaintiff to said funds. Drake on Attach., sec. 525; Mayer v. Bank, 51 Ga., 325.

*Carswell, Fuller & Terrell*, for appellee.—1. An arrangement made between May and Greathouse, acting for creditors, disposing of the fund in Simmons' hands, if made prior to the service of the writ, was valid as against appellant, whether Simmons knew or assented to the same or not. Wade on Attach., secs. 465, 469, 471, 472.

2. The burden of proof is on the plaintiff in garnishment. Ellison v. Tuttle, 26 Texas, 285.

TARLTON, CHIEF JUSTICE.—This is a garnishment proceeding, insti-
tuted on October 6, 1890, in the County Court of Wise County, by the
appellants, Charles Scheuber & Co., as plaintiffs in garnishment, against
the appellee, W. T. Simmons, defendant in garnishment. The trial, had
before a jury, resulted on January 16, 1891, in a verdict and judgment
discharging the garnishee.

The appellants were among the creditors of one Harry May, a liquor
dealer at Decatur, Texas. At the date of the trial their claim had been
reduced to a judgment in the sum of $351.34.

On Monday, September 22, 1890, Harry May, for the purpose of se-
curing certain creditors other than appellants, executed a deed in trust to
W. T. Simmons, conveying his saloon and the goods and fixtures con-
nected therewith. At the same time he furnished to W. T. Simmons $250
in money to enable the latter, in connection with funds to be secured
from one Mr. Vance, to take out a retail liquor dealer's license. This
sum of $250 was in no way included in the trust deed, but it was deliv-
ered to Simmons for the sole purpose of procuring the license referred to.
This fund constitutes the subject of controversy herein.

The garnishee answered, denying indebtedness to May at the date of
the service of the writ, or that he knew of any person who had in his
possession effects belonging to him. He alleged, that at said date he held
in his hands the sum of $250; that this sum was, on or about October 1,
1890, delivered to him by Harry May, and that before service of the
writ, "May agreed and directed that this respondent pay to the First
National Bank of Decatur out of said money the sum of $50, the remain-
der to be apportioned among the creditors mentioned in said trust deed,
and according to the distribution of the trust fund therein provided,
which this respondent has done."

This answer was controverted by appellants, and issues by them were
accordingly tendered.

The sole evidence offered by appellee in support of these allegations
was the testimony of a witness, Mr. Greathouse, manager of the First Na-
tional Bank, as follows: "When I came into town Monday morning,
and found that May had made the mortgage and had overdrawn for
$46.60, I saw him and asked him why he had done so, and told him I
wanted him to settle the overdraft at once. He told me that he had paid
W. T. Simmons $250 toward procuring license; that he had no other use
for the money than to get the license, and that he was willing that Sim-
mons should pay me out of the $250 the sum of $46.60 for the overdraft,
and that the remainder of the $250 should be apportioned among the
creditors named in the mortgage in which Simmons was trustee."

In evident response to this testimony, the effect of which was quite
emphatically contradicted by May and other witnesses for appellants, the

court gave to the jury a charge which appellants appropriately assign as error, and which is as follows:

" If you find that prior to the service of said writ of garnishment on defendant, that Harry May delivered to him $250 in money, and that he held said money when said writ was served, you will nevertheless find for defendant, unless you believe that the plaintiff has, by a preponderance of the evidence, shown that said May did not, at sometime prior to the service of said writ, agree with H. Greathouse, as the representative of the First National Bank, that said money might be paid to said bank and other creditors of May; and the burden is on plaintiff to establish by a preponderance of the evidence that no such agreement was made by said May."

If the agreement referred to in the above instruction was made by May and accepted by Greathouse as an assignment to the latter of so much of the funds in Simmons' hands as should be sufficient to pay the debt to Greathouse (admittedly the sum of $47.60), we do not think, that to operate as such an assignment, it was necessary that the garnishee, Simmons, should himself have been present thereat or privy thereto. If, however, the agreement was in the nature purely of a negotiation not intended as a final contract by the parties, it could not operate as such an assignment. What the intent was should have been left to the determination of the jury under the evidence.

The effect of this agreement, however, whatever the intention may have been, could not extend to the creditors referred to in the charge, because they were in no sense parties to the agreement. It does not appear that they were present, nor is there any intimation in the record, as we read it, that Mr. Greathouse represented them. Unless they knew and assented to the assignment, if indeed it was such, May, the supposed assignor, could not be held, so far as they were concerned who were entire strangers to the arrangement, to have placed the funds beyond his control. Drake on Attach., sec. 525. The instruction is therefore manifestly erroneous.

The charge is further criticised, because it places the burden of proof on the plaintiffs with reference to the issues tendered. In this connection we deem it sufficient, in view of another trial, to call attention to the following language of our Supreme Court in Railway v. Terry, 50 Texas, 134: " In a proceeding of this character [a garnishment proceeding], the creditor is the actor, and the burden of proof is undoubtedly upon him; and unless he establishes the truth of his averments impeaching the answer of the garnishee, the latter must unquestionably be discharged. The garnishee is primarily required to stand merely upon the defensive. Hence it is not incumbent upon him to establish the truth of his answer, but simply to repel the efforts of the creditor to impeach it."

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 30, 1893.